UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY,<br><br>      Plaintiff,<br><br>      v.<br><br>APPLE INC.,<br><br>      Defendant. | CIVIL ACTION NO. 1:13-cv-11575-PBS<br><br>Demand for Jury Trial |

**DEFENDANT APPLE INC.'S ANSWER AND COUNTERCLAIMS TO
PLAINTIFF TRUSTEES OF BOSTON UNIVERSITY'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Apple Inc. ("Apple), through its counsel of record, responds to Plaintiff Trustees of Boston University's ("BU") Complaint for Patent Infringement and Jury Demand ("Complaint") as follows:

**PARTIES**

1. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and on that basis, denies them.

2. Apple admits that the document entitled U.S. Patent No. 5,686,738 (the "'738 patent") attached to the Complaint as Exhibit A lists "Trustees of Boston University" as the assignee. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint and on that basis, denies them.

3. Apple denies that its correct name is Apple, Inc. The correct name of Defendant is Apple Inc. Apple admits the remaining allegations of Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Apple admits that Plaintiff's Complaint purports to be an action for patent

infringement arising under the patent laws of the United States of America, Title 35 of the United States Code. Apple denies that it is in any way liable or indebted to Plaintiff under those laws. Apple admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Apple admits that the District of Massachusetts has personal jurisdiction over Apple in this case and that Apple conducts business in the Commonwealth of Massachusetts and in this judicial district. Except as expressly admitted, Apple denies the allegations in Paragraph 5 of the Complaint.

6. For purposes of this action, Apple does not challenge that venue is proper in this district. Apple denies that it committed acts of infringement in this district.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,686,738**

7. Apple admits that a copy of what purports to be the '738 patent, titled "Highly Insulating Monocrystalline Gallium Nitride Thin Films," is attached as Exhibit A to the Complaint. Apple admits that the first page of the '738 patent identifies an issue date of November 11, 1997. Except as expressly admitted, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and on that basis, denies them.

8. Apple admits that Theodore D. Moustakas is listed on the face of the '738 patent as the named inventor of the patent. Apple further admits that the '738 patent lists "Trustees of Boston University" as the assignee. Except as expressly admitted, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and on that basis, denies them.

9. Apple denies the allegations contained in Paragraph 9 of the Complaint.

10. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and on that basis, denies them.

11. Apple denies the allegations contained in Paragraph 11 of the Complaint.

12. Apple denies the allegations contained in Paragraph 12 of the Complaint.

13. Apple denies the allegations contained in Paragraph 13 of the Complaint.

## PRAYER FOR RELIEF

Apple denies that Plaintiff is entitled to any relief whatsoever from Apple or the Court, either as prayed for in Plaintiff's Complaint or otherwise. Apple has not infringed any valid and enforceable claim of the '738 patent, and Plaintiff is not entitled to any remedy or recovery. To the extent that paragraphs A-E of Plaintiff's Prayer for Relief are interpreted to contain any factual allegations, Apple denies them.

## DEMAND FOR JURY TRIAL

No response is required to Plaintiff's Jury Demand.

## GENERAL DENIAL

Apple further denies each allegation contained in Plaintiff's Complaint that was not specifically admitted, denied or otherwise responded to in this Answer to Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Apple alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Apple specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

**First Affirmative Defense**
**(Non-Infringement)**

Apple has not infringed and does not infringe any valid and enforceable claim of the '738 patent, directly or indirectly, literally or under the doctrine of equivalents.

**Second Affirmative Defense**
**(Invalidity)**

The claims of the '738 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Third Affirmative Defense**
**(Laches)**

Plaintiff's claims for relief are barred in whole or in part by the equitable doctrine of laches.

**Fourth Affirmative Defense**
**(35 U.S.C. § 287)**

Any claim for damages for patent infringement by Plaintiff is limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

**Fifth Affirmative Defense**
**(Limitation on Damages)**

Plaintiff's claims for monetary relief, if any, are limited by 35 U.S.C. § 286.

**Sixth Affirmative Defense**
**(Prosecution History Estoppel)**

The claims of the '738 patent are and were limited by amendment, the prior art and/or by the statements made during the prosecution before the United States Patent and Trademark Office such that Plaintiff is now estopped and/or otherwise precluded from maintaining that such claims of the '738 patent are of sufficient scope to cover the accused products, either literally or

under the doctrine of equivalents.

### Seventh Affirmative Defense
### (License)

Apple is informed and believes, and thereon alleges, that Plaintiff's infringement claim against Apple, and its assertion that it is entitled to damages from Apple, are barred in whole or in part by one or more licenses, express or implied, to the '738 patent.

### RESERVATION OF DEFENSES

To the extent not already pled, Apple reserves its right to add additional defenses pending further investigation and discovery. Apple also reserves its right to rely on any defenses asserted by any other party in this case.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaimant Apple Inc. ("Apple") asserts the following counterclaims against Counter-defendant Trustees of Boston University's ("BU") as follows:

### THE PARTIES

1.     Apple is a corporation organized under the laws of California, having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

2.     BU alleges in its Complaint that it is non-profit educational institution with its principal place of business at One Silber Way, Boston, Massachusetts 02215.

### JURISDICTION AND VENUE

3.     On July 2, 2013, BU filed its Complaint for patent infringement alleging that Apple infringes U.S. Patent No. 5,686,738 (the "'738 patent").

4.  This Court has subject matter jurisdiction over Apple's counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, including 28 U.S.C. §§ 1331, 1338(a).  An actual, substantial and continuing justiciable controversy exists between Apple and BU with respect to which Apple requires a declaration of rights.  Specifically, a controversy exists pertaining to the non-infringement and invalidity of the '738 patent.

5.  By filing its Complaint, BU has consented to the personal jurisdiction of this Court.

6.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIM

**(Declaration of Non-Infringement of U.S. Patent No. 5,686,738)**

7.  Apple hereby incorporates and realleges paragraphs 1 through 6 above as though fully set forth herein.

8.  Plaintiff BU has sued Apple in the present action, alleging infringement of the '738 patent.  As a result of at least the allegations contained in BU's Complaint and Apple's denial of such allegations, an immediate, real and justiciable controversy exists between BU and Apple with respect to the alleged infringement of the '738 patent.

9.  BU also contends that such alleged infringement has caused BU to suffer damages and that irreparable injury has been caused to BU.

10.  Apple has not infringed and does not infringe, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '738 patent.

11. Apple is entitled to a declaratory judgment that it has not and does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents, any valid and enforceable claim of the '738 patent.

12. BU has also filed this action without a good faith basis, making this an exceptional case. Consequently, BU is liable for any and all attorneys' fees, expenses and costs incurred by Apple in connection with this action

## SECOND COUNTERCLAIM

**(Declaration of Invalidity of U.S. Patent No. 5,686,738)**

13. Apple hereby incorporates and realleges paragraph 1 through 12 above as though fully set forth herein.

14. BU has sued Apple in the present action, alleging infringement of the '738 patent. As a result of at least the allegations contained in BU's Complaint and Apple's denial of such allegations, an immediate, real and justiciable controversy exists between BU and Apple with respect to the validity of the '738 patent.

15. The claims of the '738 patent are invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

16. Based on the foregoing, Apple is entitled to declaratory judgment that one or more claims of the '738 patent is invalid.

17. BU has also filed this action without a good faith basis, making this an exceptional case. Consequently, BU is liable for any and all attorneys' fees, expenses and costs incurred by Apple in connection with this action.

## JURY DEMAND

Apple demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Apple prays for relief as follows:

    A.    That BU's Complaint against Apple be dismissed in its entirety with prejudice and that a judgment be entered in favor of Apple and against BU;

    B.    That BU take nothing by reason of its Complaint;

    C.    That the Court enter an order denying any and all of BU's request for injunctive relief against Apple;

    D.    For an entry of judgment declaring that Apple has not infringed and does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents, any of the claims of the '738 patent;

    E.    That the Court enter a judgment declaring that each and every claim of the '738 patent is invalid;

    F.    That the Court enter an order under 35 U.S.C. § 285, awarding Apple its reasonable attorney's fees and costs of suit incurred in this litigation, as BU's conduct as set forth above renders this an exceptional case; and

    G.    That Apple be granted all such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  August 2, 2013 | *s/ Nicholas G. Papastavros*<br>Nicholas G. Papastavros<br>BBO # 635742<br>Maya P. Choksi<br>BBO # 679861<br>**DLA PIPER LLP (US)**<br>33 Arch Street, 26th Floor<br>Boston, MA 02110-1447<br>Telephone: 617.406.6000<br>Facsimile:  617.406.6119<br>nick.papastavros@dlapiper.com<br>maya.choksi@dlapiper.com |

**OF COUNSEL**:
Mark D. Fowler (*pro hac vice to be filed*)
Summer Krause (*pro hac vice to be filed*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2215
Telephone:  650.833.2000
Facsimile:   650.833.2001
mark.fowler@dlapiper.com
summer.krause@dlapiper.com

Gerald T. Sekimura (*pro hac vice to be filed*)
Stephanie Wang (*pro hac vice to be filed*)
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA  94105
Telephone:  415.836.2500
Facsimile:   415.836.2501
gerald.sekimura@dlapiper.com
stephanie.wang@dlapiper.com

- 10 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 2, 2013, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

<i>s/ Nicholas G. Papastavros</i><br>
Nicholas G. Papastavros