**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

_____
                                        )
**TRUSTEES OF BOSTON UNIVERSITY,**      )     **Consolidated Civil Action No.**
        *Plaintiff,*                    )     **12-cv-11935-PBS**
**v.**                                  )
                                        )
**EVERLIGHT ELECTRONICS CO., LTD.,**    )
**ET AL.,**                             )
        *Defendants.*                   )
_____ )
                                        )
**TRUSTEES OF BOSTON UNIVERSITY,**      )     **Civil Action No. 12-cv-12326-PBS**
        *Plaintiff,*                    )
**v.**                                  )
                                        )
**EPISTAR CORPORATION, ET AL.,**        )
        *Defendants.*                   )
_____ )
                                        )
**TRUSTEES OF BOSTON UNIVERSITY,**      )     **Civil Action No. 12-cv-12330-PBS**
        *Plaintiff,*                    )
**v.**                                  )
                                        )
**LITE-ON INC., ET AL.,**               )
        *Defendants.*                   )
_____ )
                                        )
**TRUSTEES OF BOSTON UNIVERSITY,**      )     **Civil Action No. 13-cv-11097-PBS**
        *Plaintiff,*                    )
**vs.**                                 )
                                        )
**AMAZON.COM, INC.,**                   )
                                        )
        *Defendant,*                    )
_____ )
                                        )
**TRUSTEES OF BOSTON UNIVERSITY,**      )     **Civil Action No. 13-cv-11575-PBS**
        *Plaintiff,*                    )
**v.**                                  )
                                        )
**APPLE, INC.**                         )
        *Defendant.*                    )
                                        )
_____ )

| | | |
|---|---|---|
| **TRUSTEES OF BOSTON UNIVERSITY,** | ) | **Civil Action No. 13-cv-10659-PBS** |
| *Plaintiff,* | ) | |
| **v.** | ) | |
| | ) | |
| **SAMSUNG ELECTRONICS CO., LTD.,** | ) | |
| **SAMSUNG ELECTRONICS AMERICA, INC.,** | ) | |
| **SAMSUNG LED CO., LTD.,** | ) | |
| **SAMSUNG LED AMERICA, INC.,** | ) | |
| **SAMSUNG ELECTRO-MECHANICS CO.,** | ) | |
| **LTD., and SAMSUNG ELECTRO-MECHANICS** | ) | |
| **AMERICA, INC.,** | ) | |
| *Defendants.* | ) | |
| _____ | ) | |
| | ) | |
| **TRUSTEES OF BOSTON UNIVERSITY,** | ) | **Civil Action No. 12-cv-11938-PBS** |
| *Plaintiff,* | ) | |
| **vs.** | ) | |
| | ) | |
| **SEOUL SEMICONDUCTOR CO., LTD.,** | ) | |
| **SEOUL SEMICONDUCTOR, INC., and** | ) | |
| **SEOUL OPTODEVICE CO., LTD.** | ) | |
| *Defendants.* | ) | |
| _____ | ) | |
| | ) | |
| **TRUSTEES OF BOSTON UNIVERSITY,** | ) | **Civil Action No. 13-cv-11105-PBS** |
| *Plaintiff,* | ) | |
| **vs.** | ) | |
| | ) | |
| **ARROW ELECTRONICS, INC.,** | ) | |
| **COMPONENTSMAX, INC.,** | ) | |
| **NRC ELECTRONICS, INC.,** | ) | |
| **NU HORIZONS ELECTRONICS CORP.,** | ) | |
| *Defendants* | ) | |
| _____ | ) | |

## GLOBAL STIPULATED PROTECTIVE ORDER

Pursuant to the Motion for Entry of Stipulated Protective Order filed by Plaintiff Trustees of Boston University ("Plaintiff" or "BU"), and Defendants[1], the Court hereby enters this Protective Order (the "Order") in order to facilitate the discovery process and to protect confidential Material that may be produced or otherwise disclosed by the Parties or third parties during the course of discovery in this action, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.[2]

## A.    Definitions

1.     "Party" shall mean any party to the above-captioned actions as provided under Local Rule 26.5(c)(5).

2.     "Patents-in-Suit" shall mean U.S. Patent No. 5,686,738 and/or U.S. Patent No. 6,953,703.

3.     "Material" shall mean all information, documents and things produced, served or otherwise provided in any of the above-captioned actions by the Parties or by non-parties.

4.     "Litigation" shall mean any of the above-captioned cases.

5.     "CONFIDENTIAL" Material shall mean information, documents, and things the Producing Party believes in good faith is not generally known to others, and which the Producing Party (i) would not normally reveal to third parties except in confidence or has undertaken with

---

[1] "Defendants" refers to Epistar Corporation ("Epistar"); Everlight Electronics Co., Ltd. ("Everlight Taiwan"); Everlight Americas, Inc. ("Everlight Americas"); Lite-On Inc. ("Lite-On"); Lite-On Service USA, Inc. ("Lite-On Serv."); Lite-On Trading USA, Inc. ("Lite-On Trading"); Lite-On Technology Corporation ("Lite-On Tech."); Samsung Electronics Company, Limited; Samsung Electronics America, Incorporated; Samsung LED Company, Limited; Samsung Electro-Mechanics Company, Limited; Samsung Electro-Mechanics America, Incorporated; Samsung LED America, Incorporated; Seoul Semiconductor Co, Ltd. ("SSC"); Seoul Semiconductor, Inc. ("SSI"); Seoul Optodevice Co., Ltd. ("SOC"); Amazon.com, Inc., ("Amazon"); Apple Inc. ("Apple"); Arrow Electronics, Inc. ("Arrow"); ComponentsMax, Inc. ("ComponentsMax"); NRC Electronics, Inc. ("NRC"); and NU Horizons Electronics Corporation ("NU Horizons").

[2] SOC filed a motion to dismiss alleging a lack of personal jurisdiction. Dkt. No. 36; *see also* Dkt. No. 42 (Boston University's opposition); Dkt. No. 47 (SOC's reply). SOC's motion to dismiss has been referred to Magistrate Judge Boal. Dkt. No. 88. By submitting this Stipulated Protective Order, SOC does not waive its objection to jurisdiction or otherwise agree to participate in discovery while its motion is pending.

others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

6.      "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Material shall mean information, documents, and things the Producing Party believes in good faith qualifies as "CONFIDENTIAL" and additionally, has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury to the Producing Party.  The designation is reserved for "CONFIDENTIAL" information that constitutes proprietary financial or technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential or sensitive in its business.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" designation:   trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

7.      "Producing Party" shall mean the Party or non-party that produces Material in this action.

8.      "Receiving Party" shall mean a Party that receives Material from a Producing Party.

9.      "Designated Material" shall refer to Material that is designated "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" pursuant to this Order.

10.    "Counsel of Record" shall refer to (i) outside counsel who have filed an appearance in this Litigation on behalf of one or more Parties; (ii) partners, associates and employees of such counsel to whom it is reasonably necessary to disclose information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters; and (iii) independent legal translators retained to translate in connection with this Litigation, or independent shorthand reporters retained to record and transcribe testimony in connection with this Litigation.

11.

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| "Outside Consultant" shall refer to a person with specialized knowledge or experience in a matter pertinent to the Litigation, who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this Litigation. | "Outside Consultant" shall refer to a person with specialized knowledge or experience in a matter pertinent to the Litigation, who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this Litigation, **who currently or within the last three years, is not an employee of or consultant for a Party or of a competitor of an opposing Party**. |

12.    "Professional Vendors" shall refer to persons or entities that and have no affiliation with the Parties other than providing litigation support services (e.g., court reporting, photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.), their employees, and subcontractors.  This definition includes any professional jury or trial consultant

retained in connection with this litigation.  Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

**B.** **Scope**

13.    The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Court's deadlines provided in any scheduling order.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts and/or any relevant order issued by the Court.

**C.** **Access To Designated Material**

14.    CONFIDENTIAL Material: Subject to the restrictions under Paragraph 15 below and unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to:

a.    not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for the management, supervision, or oversight of this Litigation, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 20 below;

b.        persons who appear on the face of Designated Material as an author, addressee, or recipient thereof and continue to serve in the same capacity as the time the persons authored or received the Designated Material;

c.        Retained outside Counsel of Record to any Party of the Litigation and the employees of such outside Counsel of Record (or such counsel's law firm) who work under the supervision of, support such counsel and assist such counsel in this Litigation and who are not members, employees, officers or directors of a Party to this Litigation;

d.        Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Litigation; and provided that: (a) such Outside Consultant has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 20 below;

e.        Witnesses at deposition and/or trial, pursuant to the provisions of Paragraphs 23 and 24, below, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order or authorized by the Producing Party of the Designated Material;

f.        the Court, jury and court personnel;

g.        any designated arbitrator, mediator, or special master who is assigned to hear this matter (or any part thereof) and his or her staff as long as each individual has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

h.        Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

i.      Mock jurors or focus group members engaged by a jury consultant who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A or engaged by counsel in preparation for Trial, provided that

(1)     No such mock jurors or focus group members are officers, directors or employees of any of the Parties or any of their affiliates or related to any of those officers, directors or employees; and

(2)

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| No such mock jurors or focus group members shall retain any copies of any Designated Material; and | No such mock jurors or focus group members shall **receive or** retain any copies of any Designated Material; and |

j.      Any other person as to whom the Producing Party first agrees to in writing.

15.     CONFIDENTIAL-OUTSIDE COUNSEL ONLY Material: Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information, documents or things designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Material only to the following persons and under the following conditions:

a.      persons who appear on the face of Designated Material as an author, addressee, or recipient thereof and continue to serve in the same capacity as the time the persons authored or received the Designated Material;

b.

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| Retained outside Counsel of Record to any | Retained outside Counsel of Record to any |

| | |
|---|---|
| party in the above-captioned cases and the employees of such outside Counsel of Record (or such counsel's law firm) who work under the supervision of, support such counsel and assist such counsel in this Litigation, and who are not members, employees, officers or directors of a Party to this Litigation; | party in the above-captioned cases, **provided that such Counsel of Record is not involved in competitive decision-making, as defined by** *U.S. Steel v. United States*, **730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party**, and the employees of such outside Counsel of Record (or such counsel's law firm) who work under the supervision of, support such counsel and assist such counsel in this Litigation, and who are not members, employees, officers or directors of a Party to this Litigation. |

      c.      Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and provided that: (a) such Outside Consultant has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 20 below;

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| [Boston University opposes this provision] | and (c) such Outside Consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party |

| | or a competitor of a Party. |
|---|---|

Without the express prior written consent of the Defendant that produced the Designated Material, no expert or consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material produced by another Defendant in this matter;

        d.      Witnesses at deposition and/or trial, pursuant to the provisions of paragraphs 23 and 24, below, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order or authorized by the Producing Party of the Designated Material;

        e.      the Court, jury and court personnel;

        f.      any designated arbitrator, mediator, or master who is assigned to hear this matter (or any part thereof) and his or her staff, as long as each individual has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

        g.      Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

        h.      Mock jurors or focus group members engaged by a jury consultant who has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A or counsel in preparation for Trial, provided that

        (1)      No such mock jurors or focus group members are officers, directors or employees of any of the Parties or any of their affiliates or related to any of those officers, directors or employees; and

        (2)      No such person shall retain any copies of any Designated Material; and

i.     Any other person as to whom the Producing Party first agrees to in writing.

16.

a.

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| Pursuant to the Court's July 19, 2013 ruling on this issue,[3] this Protective Order does not affect the right of Plaintiff or Plaintiff's counsel to participate in any Inter Parties Review, Ex Parte Review, reexamination, or opposition of the patents-in-suit or of any other patent that has a common priority claim with the patents-in-suit, that claims priority to (directly or indirectly) to the patents-in-suit, or that is otherwise related to the patents-in-suit before any foreign or domestic agency, including the United States Patent and Trademark Office. | [Defendants oppose this provision.] |

---

[3]     Dkt. No. 110 in case nos. 12-cv-11935, 12-cv-1326, 12-cv-12330 at 5 ("Accordingly, the Court declines to order a patent prosecution bar.").

b.

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| [Boston University opposes this provision] | Plaintiff's Retained outside Counsel of Record and Outside Consultants may not advise any clients or otherwise participate in the acquisition of patents involving GaN light-emitting diodes or GaN laser diode semiconductor devices for the purpose of asserting them against any of the Defendants for two years after the conclusion of the Litigation, including any appeals. |

17.     Each person to whom Designated Material may be disclosed, and who, pursuant to Paragraphs 14 (d-e, g-i) and 15 (c-d, f-h) is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, shall do so prior to the time such Designated Material is disclosed to him or her.  Counsel for a Party who makes any disclosure of Designated Material shall retain each original executed certificate; and, upon written request of a Producing Party, shall provide copies to Counsel of Record of such Producing Party at the termination of this action.

18.     At the request of the Producing Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Producing Party's Designated Material is discussed or otherwise disclosed.  Court proceedings, including hearings, pre-trial, and trial proceedings, shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not

authorized to have access to such Material. Any Party intending to disclose or discuss Designated Material at any Court proceeding must give sufficient advance notice to the Producing Party so as to allow the Producing Party reasonable time to assure the implementation of the terms of this Protective Order.

**D.**     **Notice of Disclosure**

19.     **Notice**.  If a Receiving Party wishes to disclose a Producing Party's Designated Material to any person described in paragraphs 14(a), 14(d) or (15(c), such Receiving Party must provide notice to counsel for the Producing Party, which notice shall include:

(a) the individual's name;

(b) present employer and past employers in the last five years;

(c) title;

(d) business address;

(e) the individual's current curriculum vitae including, but not limited to, a list of any publications and patents (issued or pending);

(f) any previous or current relationship (personal or professional) with any of the Parties or their affiliates;

(g) a list of other cases in which the individual has testified (at trial or deposition) or worked as a special adviser to the Court within the last five years;

(h)

| Plaintiff's Proposal | Defendants' Proposal |
| --- | --- |
| a list of all companies (including companies that retained the individual through counsel or other agents) with which the individual has | a list of all companies (including companies that retained the individual through counsel or other agents) with which the individual has |

| | |
|---|---|
| consulted or by which the individual has been employed within the last five years **unless such disclosure would violate a privilege or discovery exemption under the Federal Rules of Civil Procedure or the Federal Rules of Evidence;** | consulted or by which the individual has been employed within the last five years; |

(i)

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| an identification of any individual or entity with or for whom the person is or has been employed or provided consulting services to relating to the design, development, operation, or patenting of GaN light-emitting diodes or GaN laser diode semiconductor devices or relating to the acquisition of intellectual property assets relating to the same **unless such disclosure would violate a privilege or discovery exemption under the Federal Rules of Civil Procedure or the Federal Rules of Evidence;** | an identification of any individual or entity with or for whom the person is or has been employed or provided consulting services to relating to the design, development, operation, or patenting of GaN light-emitting diodes or GaN laser diode semiconductor devices or relating to the acquisition of intellectual property assets relating to the same; |

(j)

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|

| | |
|---|---|
| an identification of all pending patent applications on which the person is named as an inventor, in which the person has any ownership interest, or in which the person is advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; | an identification of all pending patent applications on which the person is named as an inventor, in which the person has any ownership interest, **or as to which the person has had or anticipates in the future any involvement in** advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; |

(k) a signed copy of the Agreement To Be Bound By Protective Order attached as Exhibit A.

The identification of an expert or consultant pursuant to this Order shall not be construed as the identification of an expert trial witness under Federal Rule 26(a)(2), and shall not constitute a waiver of attorney work-product protection or the attorney client privilege (subject to the discovery available under Paragraphs 42 and 43).

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| During the pendency of this action, including all appeals, a Party shall disclose if a person who has signed Exhibit A to this Protective Order has changed employers. | During the pendency of this action, including all appeals, a Party **seeking to disclose Designated Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting** |

| | |
|---|---|
| | **of GaN light-emitting diodes or GaN laser diode semiconductor devices, or the acquisition of intellectual property assets relating to GaN light-emitting diodes or GaN laser diode semiconductor devices**. |

20.    **Objections**.   The Producing Party shall have ten (10) days from receipt of the notice specified in Paragraph 19 to object in writing to such disclosure for good cause.   For purposes of this section, "good cause" shall mean an factually supported belief that either (1) the Person had a prior confidential relationship with an adverse Party and the adverse Party disclosed confidential information to the Person that is relevant to the current litigation, (2) the Person is a competitive decision-maker, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party, a competitor of a Party, or an entity that is involved in the evaluation, enforcement, or acquisition of GaN light emitting diode or laser diode patents; or

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| [Boston University opposes this provision] | (3) there is another objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Designated Materials in a way or ways that are inconsistent with the provisions contained in this Order. |

Any such objection must set forth in detail the facts on which it is based.   After the expiration of the 10-day period, if no objection has been asserted, then Designated Material may be disclosed

to the Person pursuant to the terms of this Order.  However, if the Producing Party objects within the 10-day period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order.  In the event the Producing Party makes a timely objection, the parties shall meet and confer to try to resolve the matter by agreement.

| Plaintiff's Proposal | Defendants' Proposal |
| --- | --- |
| If the parties cannot reach an agreement, the Objecting Party may, within **seven (7) days** following the parties' impasse, file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant or for other appropriate relief. | If the parties cannot reach an agreement, the Objecting Party may, within **fourteen (14) days** following the parties' impasse, file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant or for other appropriate relief. |

If the Objecting Party fails to file a motion for protective order within the prescribed period, any objection to the Person having access to Designated Material is waived, and Designated Material may thereafter be disclosed to such individual (provided that he or she has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A).  If the Objecting Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until a final disposition allowing such disclosure is made by this Court or by the consent of the Objecting party, whichever occurs first.

| Plaintiff's Proposal | Defendants' Proposal |
| --- | --- |
| [Boston University opposes this provision] | An initial failure to object to a person under this paragraph shall not preclude the |

| | |
|---|---|
| | nonobjecting Party from later objecting to continued access by that person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.   The designated person may continue to have access to Designated Material until the Court resolves the matter. |

**E.**     **Use of Designated Material**

21.     **Use of Designated Material by Receiving Party**.  Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, all Designated Material shall be used by the Receiving Party only for purposes of the prosecution or the defense of the case in which it was produced. Designated Material shall not be used by the Receiving Party for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any other business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraphs 14-15, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.  If a

Receiving Party desires to use Designated Material for any other purpose, it shall serve a written request on the Producing Party specifically identifying the Designated Material at issue and the proposed use. The Parties shall use their best efforts to resolve any such issue promptly and informally.  If agreement cannot be reached within 10 days of the request being served, the Receiving Party may seek an order of the Court permitting the proposed use.  The burden shall be on the Receiving Party to show that the proposed use is necessary and not unduly prejudicial.

| Plaintiff's Proposal | Defendants' Proposal |
| --- | --- |
| [Boston University opposes this provision] | Information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order. |

22.    **Use of Designated Material by Producing Party**.  Nothing in this Order shall limit any Producing Party's use of its own confidential information, nor shall it prevent the Producing Party from disclosing its own confidential information, documents or things to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

23.    **Use of Designated Material with Witnesses**.  Except as may be otherwise ordered by the Court, any person of a Producing Party may be examined as a witness at depositions and trial and may testify concerning all Designated Material of the Producing Party

which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

      a.      A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined and may testify concerning all Designated Material of the Producing Party.

      b.      A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

      c.      Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party in the ordinary course of its business.

Any person other than (i) the witness, (ii) his or her attorney(s), or (iii) any person qualified to receive Designated Material under this Order, shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney, who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the Agreement to be Bound By The Protective Order in the form of Exhibit A attached hereto.  In the event that such attorney declines to sign such an Agreement To Be Bound By The Protective Order, prior to the

examination, the Producing Party, through its Counsel of Record, may seek a protective order from the Court prohibiting such attorney from accessing or disclosing such Designated Material.

24.     A witness, who previously had access to a document designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY," but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document if a copy of this Protective Order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY." The witness may not copy, take notes on or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any Exhibit that is marked "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY." The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of counsel representing a Party in this Litigation (or another firm acting for one of the counsel representing a Party in this Litigation and under the supervision of one of the lawyers who is bound by the terms of this Order).

25.     **Trustees of Boston University v. Apple Inc., Civil Action No. 1-13-cv-11575 Provisions:** For the *Trustees of Boston University v. Apple Inc.*, Civil Action No. 1-13-cv-11575 case, the following additional provisions as set forth in Paragraph 25(a) – (c) apply:

a.      **Secure Storage, No Export:** Designated Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Designated Material may not be exported outside the United States or released to any foreign national (even if within the United States).  The foregoing provision shall not be deemed to apply to: (i) a foreign national within the United States employed by Retained Outside Counsel or, (ii) a Retained Outside Counsel traveling outside of the United States who needs to access Designated Material for that counsel's own use in this litigation.

b.      CONFIDENTIAL MATERIAL: In addition to the provisions set forth in Paragraph 14, a Receiving Party may disclose any information, document, or thing designated as "CONFIDENTIAL" to Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Litigation provided that the Outside Consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction.

c.      CONFIDENTIAL-OUTSIDE COUNSEL ONLY Material: In addition to the provisions set forth in Paragraph 15, a Receiving Party may disclose any information, documents, or things designated as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Material to Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Litigation, provided that Outside Consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction.

26.     **Cross-Production of Defendant Confidential Material**.   No Defendant is required to produce its Designated Material to any other Defendant or Defendants, but nothing in

this Order shall preclude such production.  Notwithstanding the provisions of this Protective

Order, Plaintiff shall not disclose one Defendant's Designated Material to any other Defendant or

Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery

requests, discovery responses, or any other means, without the express prior written consent of

the Defendant that produced the Designated Material.

**F.      Procedure for Designating Materials**

27.      Subject to the limitations set forth in this Order, a Producing Party may designate

as "CONFIDENTIAL" information the Producing Party believes in good faith meets the

definition set forth in Paragraph 5 above; and a Producing Party may designate as

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY" information the Producing Party believes in

good faith meets the definition set forth in Paragraph 6 above.

28.      Any Material (including physical objects) made available for initial inspection by

counsel for the Receiving Party prior to producing copies of selected items shall initially be

considered, as a whole, to constitute "CONFIDENTIAL-OUTSIDE COUNSEL ONLY"

information and shall be subject to this Order as if designated "CONFIDENTIAL-OUTSIDE

COUNSEL ONLY."  Thereafter, the Producing Party shall have ten (10) days from the

inspection to review and designate the appropriate documents as "CONFIDENTIAL" or

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY" prior to furnishing copies to the Receiving

Party.

29.      Except as otherwise provided in this Order or as otherwise stipulated or ordered,

Material that qualifies for protection under this Order must be designated in accordance with this

Section F before the material is disclosed or produced.

30.      Designation in conformity with this Order requires:

a.      For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" on each page that contains Designated Material.

b.      Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" material, or shall use any other reasonable method for so designating Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraphs 19-20, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

c.      A Party may designate testimony or information disclosed at a deposition, including exhibits to the deposition that contain or discloses confidential information, by indicating on the record at the deposition the portions of the testimony and/or exhibits that contain "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY."  All deposition transcripts not marked "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" during the deposition will nonetheless be treated as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" until thirty (30) days after receipt of the final transcript, in order to allow counsel to review the transcript and designate portions thereof in accordance with this Protective Order.  Transcript pages containing Designated

Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" as instructed by the Producing Party.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."

        d.      For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored, the legend "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY."

        e.

| Plaintiff's Proposal | Defendants' Proposal |
| --- | --- |
| [Boston University opposes this provision] | This Order does not govern the production of source code.  If source code is to be produced in this Litigation, the Parties will negotiate in good faith provisions concerning the production of source code and will submit to the Court an Addendum to the Protective Order concerning the production of source code.  Source code will not be produced in this Litigation until the Proposed Addendum to the |

| | Protective Order concerning the production of source code is entered by the Court. |
|---|---|

### G.   No Waiver of Privilege

31.    Pursuant to Fed. R. Civ. P. 26(b)(5)(D) and Fed. R. Evid. 502, inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party, within fifteen (15) days of becoming aware of the improper designation, designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity, and requests in writing return of such documents to the Producing Party with the factual basis for the assertion of privilege or immunity.  Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced document(s); and shall not use any inadvertently produced material or information for any purpose unless and until the asserted privileges or immunities have been successfully challenged or withdrawn.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, except that no such challenge may assert the inadvertent or unintentional disclosure as a ground for requiring production.

### H.   Inadvertent Failure To Designate

32.    An inadvertent failure to designate qualified Material as "CONFIDENTIAL", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" does not, standing alone, waive the Producing Party's right to secure protection under this Order for such Material.  Upon discovery

of an inadvertent failure to designate, as soon as reasonably possible a Producing Party or Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" along with the factual basis for such designation(s). Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall promptly provide substitute copies of documents bearing the confidentiality designation. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Material is protected under one of the categories of this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Material at the appropriately designated level pursuant to the terms of this Order.

**I.**     **Sealed Filings**

33.     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Designated Material. To the extent that it is necessary to file "CONFIDENTIAL", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" information or any document or pleading disclosing the contents thereof in connection with proceedings in this Litigation, the Party wishing to submit such a filing, prior to or simultaneously with such filing, shall on each occasion move, pursuant to Local Rule 7.2, for an order of impoundment.

34.     When filings are made under seal, the Parties agree to file through the Court's Electronic Case Filing Procedures redacted versions of such filings with any "CONFIDENTIAL", or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" information

removed.  The Parties also shall simultaneously serve by email a copy of any sealed filings in advance of the Court's ruling on the motion for an order of impoundment.

**J.**     **Challenges to Confidentiality Designations**

35.     The Parties will use reasonable care when designating documents or information as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY."  Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" have been improperly designated.  If a Party believes that the Material bearing a designation is not in fact the proper subject for such designation or should be reclassified or revealed to an individual not otherwise authorized to have access to such Material under the terms of this Order, then such Party shall provide to the Producing Party written notice of this disagreement with the designation.  The Parties shall first try to resolve such dispute in good faith on an informal basis.

36.     A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party and Producing Party, if separate, and shall particularly identify the Designated Material that the Receiving Party contends should be differently designated.  The Parties shall use their best efforts to resolve promptly and informally such disputes.  If agreement cannot be reached within 10 days of notice being provided, the Receiving Party may request that the Court cancel or modify the designation set by the Producing Party.

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| The burden shall be on the Producing Party to | The burden shall be on the **Receiving Party** to |

| show that the designation is proper. | show that the designation is **improper**. |
| --- | --- |
| | |

In any event, unless and until a Court ruling is obtained changing a designation, or the Parties agree otherwise in writing, the material involved shall be treated according to its designation.

**K.**      **Designated Material Subpoenaed or Ordered Produced In Other Litigation**

37.      If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this Litigation as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY," the Receiving Party must so notify the Producing Party, in writing (by fax and email) promptly and in no event more than ten (10) days after receiving such subpoena or order.  Such notification must include a copy of such subpoena or order.  The Receiving Party also must promptly inform in writing the person who caused the subpoena or order to issue that some or all the responsive  material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the person who caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this Litigation an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court.

**L.**     **Unauthorized Disclosure Of Designated Material**

38.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must (a) within two days, notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material within seven (7) days, (c) inform, within seven (7) days, the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute, within seven (7) days, the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and provide to the Producing Party, within ten (10) days after the initial notification under Paragraph 38(a), all communications and executed undertaking under Paragraphs 38(b), (c), and (d).  Unauthorized or inadvertent disclosure does not change the status of Designated Material or waive the right to hold the disclosed document or information as protected.

**M.**     **Non-Party Use of This Protective Order**

39.     A non-party producing Material voluntarily or pursuant to a subpoena or a court order may designate such Material in the same manner and shall receive the same level of protection under this Protective Order as any Party to this Litigation.

40.     A non-party's use of this Protective Order to protect its "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Materials, however, does not entitle that non-party access to "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Materials produced by any Party in this Litigation.

**N.**     **Discovery from Outside Consultants**

41.     Outside Consultants, who serve as testifying experts, shall not be subject to discovery of any draft report, notes, outlines, or similar materials prepared by or on behalf of the

testifying expert or communications with the counsel engaging them relating thereto, which relate to an expert report submitted in this Litigation pursuant to Federal Rule of Civil Procedure 26(a)(2).

42.     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony or any opinion in this Litigation.  No discovery can be taken from any Outside Consultant, who does not testify except to the extent any Outside Consultant has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final opinion(s), report, or trial and/or deposition testimony in this Litigation.

43.     No conversations or communications between counsel and any Outside Consultant will be subject to discovery unless the conversations or communications are relied upon by a testifying expert in formulating opinions that are presented in reports or trial and/or deposition testimony in this Litigation.

44.     Testifying expert materials, communications, and other information exempt from discovery under this Section N shall be treated as attorney-work product for the purposes of this Litigation and Protective Order.  Notwithstanding the foregoing, no claim of attorney-client privilege or work product immunity may be asserted with respect to the discovery permitted under Paragraphs 42 and 43.

**O.      Use of Designated Material During Court Proceedings**

45.     If any Designated Material is used in any Court proceeding in this Litigation (including, but not limited to, conferences, oral arguments, and hearings), the Designated Material shall not lose its status as Designated Material through such use.  The Parties shall take

all steps reasonably necessary to protect the confidentiality of the Designated Material during any such use, including, but not limited to, requesting *in camera* proceedings.  The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.  The Parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Designated Material at trial.

**P.      Duration**

46.      Even after the termination of a Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**Q.      Final Disposition**

47.      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days following the first to occur of (i) the complete resolution of a Litigation through entry of a final non-appealable judgment or order for which appeal has been exhausted, or (ii) the complete settlement of all claims against all the Parties in a Litigation, upon written request, the Receiving Party must submit a written confirmation of the return or destruction of all Designated Material to the Producing Party (and, if not the same person or entity, to the Producing Party) by the 60-day deadline.  Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material.  Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section O (Duration), above.  As used in this Paragraph,

"Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material.

**R.**   **Miscellaneous**

48.   Any of the notice requirements herein may be waived, in whole or in part, but only if such waiver is in writing signed by the Counsel of Record for the Party against whom such waiver will be effective.

49.   This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to relax or rescind any or all restrictions of this Order, when necessity requires.  Nothing in this Order abridges the right of any person to seek to assert other objections.   No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the Material covered by this Protective Order.  The Court shall take appropriate measures to protect Designated Material at trial and any hearing in a Litigation.

50.   This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Producing Party consents in writing before the disclosure takes place.

51.   Nothing contained herein shall constitute a waiver of:

   a.   any Party's right to object to any discovery request on any ground;

   b.   any Party's right to seek an order compelling discovery with respect to any discovery request;

   c.   any Party's right in any proceeding in this lawsuit to object to the admission of evidence on any ground; and/or

d.      any Party's right to use and/or disclose its own documents and its own "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" Designated Material in its sole and complete discretion.

52.      Compliance with this Protective Order in no way constitutes an admission by any Party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret. The United States District Court for the District of Massachusetts is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Massachusetts.  Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

53.      The Parties agree that documents or information created after October 17, 2012, and subject to the attorney-client, joint-defense, or common-interest privilege or work product immunity or protection need not be identified on a privilege log, as doing so would be unduly burdensome.

54.

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| The Parties agree that communications and correspondence between counsel for Defendants after October 17, 2012 need not be produced or identified on any privilege log. | The Parties agree that communications, correspondence, **and documents prepared by counsel, including drafts,** exchanged between counsel for Defendants after October 17, 2012 need not be produced or identified on any |

| | privilege log. |
|---|---|

55.     The Court reserves the right, upon Motion or upon its own Motion, to amend or modify this Protective Order for good cause shown.  Each Party reserves the right to request that the Court modify the terms of this Protective Order in the event that the Party believes that a modification is necessary.  If such an application is made, all signatories of copies of the Certification, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

56.     The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matters.  The Court shall retain jurisdiction after Final Determination of these matters to hear and resolve any disputes arising out of this Protective Order.

57.     This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.


DONE AND SO ORDERED THIS ___ DAY OF September, 2013:


_____
Honorable Patti B. Saris
United States District Court of Massachusetts

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") entered in *Trustees of Boston University v. Everlight Electronics Co., Ltd. and Everlight Americas, Inc.*, Civil Action No. 1-12-cv-11935, *Trustees of Boston University v. Epistar Corporation, LLC*, Civil Action No. 1:12-cv-12326, *Trustees of Boston University v. Lite-On Inc., Lite-On Service USA, Inc., Lite-On Trading USA, Inc., and Lite-On Technology Corporation*, Civil Action No. 1:12-cv-12330, *Trustees of Boston University v. Seoul Semiconductor, LTD., Seoul Semiconductor, Inc. and Seoul Optodevice Co., LTD.*, Civil Action No. 1-12-cv-11938, *Trustees of Boston University v. Samsung Electronics Co., LTD., Samsung Electronics America, Inc., Samsung LED Co., LTD., Samsung Electro-Mechanics Co., LTD, Samsung Electro-Mechanics America, Inc., and Samsung LED America, Inc.*, Civil Action No. 1-13-cv-10659, *Trustees of Boston University v. Amazon.com, Inc.*, Civil Action No. 1:13-cv-11097, *Trustees of Boston University v. Arrow Electronics, ComponentsMAX, Inc., NRC Electronics, Inc., and Nu Horizons Electronics Corp.*, Civil Action No. 1:13-cv-11105 and *Trustees of Boston University v. Apple Inc.*, Civil Action No. 1-13-cv-11575.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____

DATED:  September 6, 2013          Respectfully submitted jointly,

*/s/  Andrew M. Howard*
Erik Paul Belt, BBO #558620
EBelt@mccarter.com
Kelly A. Gabos, BBO #666219
KGabos@mccarter.com
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, Massachusetts 02210
Telephone: (617) 449-6506
Facsimile:  (617) 607-6035

Michael W. Shore (Texas 18294915)
mshore@shorechan.com
Alfonso Garcia Chan (Texas 24012408)
achan@shorechan.com
Eve Henson (Texas 00791462)
ehenson@shorechan.com
Andrew M. Howard (Texas 24059973)
ahoward@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone (214) 593-9110
Facsimile (214) 593-9111

Counsel for Trustees of Boston University

EVERLIGHT ELECTRONICS CO., LTD.

AND

EVERLIGHT AMERICAS, INC.

EPISTAR CORPORATION

LITE-ON, INC., LITE-ON SERVICE USA, INC.,
LITE-ON TRADING USA, INC., AND LITE-ON
TECHNOLOGY CORP.

E. Robert Yoches (admitted pro hac vice)
Finnegan, Henderson, Farabow,
  Garrett & Dunner, LLP
901 New York Avenue NW
Washington, DC 20001-4413
Telephone:      202-408-4000
Facsimile:      202-408-4400
E-mail: bob.yoches@finnegan.com

By their attorneys,

*FILED BY WRITTEN PERMISSION*
Christopher S. Schultz (BBO No. 630814)
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
Two Seaport Lane
Boston, MA 02210-2001
Telephone:      617-646-1600
Facsimile:      617-646-1666
E-mail: christopher.schultz@finnegan.com

Ming-Tao Yang (admitted pro hac vice)
Tina E. Hulse (admitted pro hac vice)
Finnegan, Henderson, Farabow,
  Garrett & Dunner, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone:      650-849-6600
Facsimile:      650-849-6666
E-mail: ming.yang@finnegan.com
E-mail: tina.hulse@finnegan.com

SEOUL SEMICONDUCTOR CO., LTD.,

SEOUL SEMICONDUCTOR, INC., and

SEOUL OPTODEVICE CO., LTD.

Vito J. DeBari (*pro hac vice*)

Jonathan S. Caplan (*pro hac vice*)

Aaron M. Frankel (*pro hac vice*)

Kramer, Levin, Naftalis
  & Frankel, LLP

1177 Avenue of the Americas

New York, New York  10036

vdebari@kramerlevin.com

jcaplan@kramerlevin.com

afrankel@kramerlevin.com

Tel.: 212- 715-9100

Fax: 212-715-8000

Jennifer L. Jonak (*pro hac vice*)

JONAK PUGH

One Maritime Plaza, Suite 1600

San Francisco, CA 94111

jenny@jonak.com

Phone: 510-501-6276

Fax:    510-201-2010

By their attorneys,

*FILED BY WRITTEN PERMISSION*

Scott P. Lopez, BBO # 549556

Lawson & Weitzen, LLP

88 Black Falcon Avenue, Suite 345

Boston, MA  02210

Tel.: (617) 439-4990

Fax: (617) 439-3987

splopez@lawson-weitzen.com

SAMSUNG ELECTRONICS CO., LTD.,

SAMSUNG ELECTRONICS AMERICA, INC.,
SAMSUNG LED CO., LTD.,
SAMSUNG ELECTRO-MECHANICS CO., LTD.,
SAMSUNG ELECTRO-MECHANICS AMERICA, INC., and
SAMSUNG LED AMERICA, INC.

Robert T. Haslam *(pro hac vice application pending)*
Kurt G. Calia *(pro hac vice)*
Covington & Burling LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Tel:  (650) 632-4700
Fax:  (650) 632-4800
rhaslam@cov.com
kcalia@cov.com

Jeffrey H. Lerner *(pro hac vice)*
David A. Garr *(pro hac vice)*
Chad P. Albert *(pro hac vice)*
Covington & Burling LLP
1201 Pennsylvania Ave. NW
Washington, DC 20004
Tel:  (202) 662-6000
Fax:  (202) 662-6291
jlerner@cov.com
dgarr@cov.com
calbert@cov.com

By their attorneys,

*FILED BY WRITTEN PERMISSION*
Daniel P. Tighe, BBO # 556583
Adam R. Doherty, BBO # 669499
Prince Lobel Tye, LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel:  (617) 456-8000
Fax:  (617) 456-8100
dtighe@princelobel.com
adoherty@princelobel.com

NU HORIZONS ELECTRONICS LLC,

ARROW ELECTRONICS, INC.,
COMPONENTSMAX, INC., and
NRC ELECTRONICS, INC.

By their attorneys,

Robert T. Haslam *(pro hac vice)*
Kurt G. Calia *(pro hac vice)*
Covington & Burling LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Tel:  (650) 632-4700
Fax:  (650) 632-4800
rhaslam@cov.com
kcalia@cov.com
*Representing ComponentsMAX and NRC*

Jeffrey H. Lerner *(pro hac vice)*
David A. Garr *(pro hac vice)*
Chad P. Albert *(pro hac vice)*
Covington & Burling LLP
1201 Pennsylvania Ave. NW
Washington, DC 20004
Tel:  (202) 662-6000
Fax:  (202) 662-6291
jlerner@cov.com
dgarr@cov.com
calbert@cov.com
*Representing ComponentsMAX and NRC*

John R. Posthumus *(pro hac vice)*
Sheridan Ross P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
jposthumus@sheridanross.com
Tel.: 303-863-9700
Fax: 303-863-0223
*Representing Arrow and Nu Horizons*

*FILED BY WRITTEN PERMISSION*
Daniel P. Tighe, BBO # 556583
Adam R. Doherty, BBO # 669499
Prince Lobel Tye, LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel:  (617) 456-8000
Fax:  (617) 456-8100
dtighe@princelobel.com
adoherty@princelobel.com

AMAZON.COM, INC.

By their attorneys,

*FILED BY WRITTEN PERMISSION*
Indranil Mukerji (BBO #644059)
FISH & RICHARDSON P.C.
1425 K St. NW, 11th Floor
Washington, DC 20005
Phone: 202-783-5070
Fax: 202-783-2331
mukerji@fr.com

Kurt Glitzenstein (BBO # 565312)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Phone:  617-542-5070
Fax:  617-542-8906
glitzenstein@fr.com

Robert Courtney (*pro hac vice*)
Phillip Goter (*pro hac vice*)
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth St.
Minneapolis, MN 55402
Phone: 612-335-5070
Fax: 612-288-9696
courtney@fr.com
goter@fr.com

APPLE INC.


By their attorneys,


OF COUNSEL:

Mark D. Fowler (*pro hac vice*)
Summer Krause (*pro hac vice*)
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2215
Telephone:     650.833.2000
Facsimile:     650.833.2001
mark.fowler@dlapiper.com
summer.krause@dlapiper.com


Gerald T. Sekimura (*pro hac vice*)
Stephanie Wang (*pro hac vice*)
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA  94105
Telephone:     415.836.2500
Facsimile:     415.836.2501
gerald.sekimura@dlapiper.com
stephanie.wang@dlapiper.com

*<u>FILED BY WRITTEN PERMISSION</u>*
Nicholas G. Papastavros, BBO # 635742
Maya P. Choksi, BBO # 679861
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: 617.406.6000
Facsimile:  617.406.6119
nick.papastavros@dlapiper.com
maya.choksi@dlapiper.com